IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE JOHNSON,

                    Plaintiff,                                    ORDER

            v.                                          2:06-cv-1248-bbc

UNITED STATES DEPARTMENT OF JUSTICE,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Clarence Johnson brought this case under the Freedom of Information Act,

seeking to compel defendant United States Department of Justice to turn over any

statements of Anthony Sharkey that it may have obtained during the prosecution of plaintiff

for several drug related offenses in 2004.  The precise wording of plaintiff's request to

defendant was as follows:

> Request for all, reports, statements, notes or summaries, writs ad testificandum
> recording and transcriptions of statements made by "Anthony Handy aka Shark[e]y"
> to attorneys for government or other government agents AUSA E. Blackwood and D.
> Sanders. In respect to investigation or prosecution of Clarence Johnson, case NO. 02
> CR 144, before the Court of the Eastern District of Wisconsin, before [J]udge Charles
> N. Cl[e]vert Jr.

1

Case 2:06-cv-01248-BBC   Filed 01/04/08   Page 1 of 3   Document 55

In an order dated November 2, 2007, I directed defendant to conduct a search for the records requested by plaintiff and to prepare an index of any records found.

Defendant has complied with the order. It searched through its case file for 02-CR-144, "looked through each piece of paper in the Clarence Johnson files and reviewed the label placed on each cassette tape recording of wire tap conversations searching for the name of Anthony Handy and/or Anthony Sharkey." Westphal Aff., dkt. #46, at ¶3. Defendant discovered no records that plaintiff did not already possess. Further, defendant discovered that Elizabeth Blackwood (the Assistant United States Attorney assigned to plaintiff's criminal case) did not interview Sharkey as part of the criminal investigation or trial and that she is unaware of any interviews by anyone else. Blackwood Aff., dkt. #45, at ¶¶6-7.

Plaintiff does not dispute defendant's representation of the search it conducted, but he argues that the search was inadequate because it was limited to a search of the case file and an affidavit from Blackwood. He argues that defendant should be required to search the office of the Federal Bureau of Investigation in the Eastern District of Wisconsin and to obtain affidavits from any government agent that may have been involved in plaintiff's investigation.

The law does not require the type of search plaintiff seeks. Rather, defendant was required only to conduct a search "reasonably calculated to uncover all relevant documents." Matter of Wade, 969 F.2d 241, 249 (7th Cir. 1992) (citing Weisberg v. United States Dept.

2

of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  If any witness statements had been taken of Anthony Sharkey related to plaintiff's criminal case, it is almost certain that such a statement would appear in the agency's case file or the prosecutor on the case would be aware of such a statement.  When these avenues became dead ends, defendant fulfilled its obligation.  FOIA does not require the government to expend public resources on a wild goose chase.  Weisberg v. United States Dept. of Justice, 705 F.2d 1344, 1357-58 (D.C. Cir. 1983) (DOJ not required to search additional offices when doing so unlikely to produce different results).

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant United States Department of Justice is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 2d day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3